O’SCANNLAIN, Circuit Judge,
dissenting in part.
I agree with the court that substantial evidence supports the Board of Immigration Appeals’ (“BIA”) determination that Ghulyan has failed to establish his eligibility for protection under the Convention Against Torture.
Nevertheless, I respectfully dissent from the decision to remand this case to the BIA. Review of adverse credibility findings, even outside the REAL ID Act context, is extremely deferential. See Kaur v. Gonzales, 418 F.3d 1061, 1064 (9th Cir.2005) (court can only grant petition for review when “the evidence compels a contrary conclusion” (internal citations and quotation marks omitted)). The unreconciled inconsistency as to Ghulyan’s multiple, conflicting party membership cards is, on its own, enough to require upholding the BIA’s finding. Li v. Ashcroft, 378 F.3d 959, 964 (9th Cir.2004) (“[S]o long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the petitioner’s] claim of persecution, we are bound to accept the IJ’s adverse credibility finding.” (internal citations and quotation marks omitted)).
Because this inconsistency went to the heart of his claim — which is premised on his membership in the party and his status as a political activist — I would dismiss Ghulyan’s petition for review.